OPINION OF THE COURT
Joseph B. Goldman, J.
Special proceeding numbered 6 on the calendar of June 2, 1983, and motion numbered 4 on the calendar of June 24, 1983, are consolidated for disposition as follows:
The special proceeding is instituted pursuant to article 7 of the Social Services Law to terminate the admission agreement of respondent (the remaining 2 out of an original 103 residents) and to involuntarily discharge them on the grounds the petitioner is surrendering its domiciliary care facility operating certificate to the Department of Social Services and for the amount due petitioner for room, board and services. Petitioner has offered help to relocate respondents in a “decent and civilized manner”. It contends that it now employs four full-time, and two part-time, employees to care for the two respondents. Respondents counterclaim for damages for failure to provide services.
Petitioner is a not-for-profit corporation established to maintain a home for needy men and women over 50 with income from the trust under the 1908 will of Henry J. Braker. Petitioner alleges its directors voted in 1982 to close the facility and surrender its certificate. On January 3, 1983, petitioner delivered to the Department of Social Services a 90-day notice of intention to close the facility together with a plan to effectuate said closing. The plan had been approved by the department and all residents were served with the notice and plan on January 10,1983. On March 15, 1983, petitioner served all its remaining residents with a notice for the termination and discharge of all residents on April 16, 1983. All of the residents have removed from the premises except respondents.
*546 The Social Services Law (§ 461-h, subd-1, par [a]) provides that a special proceeding to terminate the admission of an adult home or residence and discharge the residents therefrom may be maintained in a court of civil jurisdiction which has jurisdiction over proceedings brought pursuant to RPAPL article 7 which, of course, in New York City is the Civil Court.
Both the Social Services Law (§ 461-h, subd 15) and RPAPL 713-a provide that nothing contained therein shall be construed to create a relationship of landlord and tenant between the operator of an adult home, or residence for adults, and a resident thereof.
CCA 110 provides for the establishment and maintenance of the Housing Part of the Civil Court.
Nothing in the law mandates that this proceeding be commenced in Part 17, the Housing Part, and thus this court finds without merit respondents’ contention that this special proceeding should have been commenced in the Housing Part, Part 17. It is properly brought in the New York City Civil Court. That is not to say, however, that if this court finds triable issues of fact it does not have the discretion to order a trial in Part 17.
Respondents’ second affirmative defense asserts that the operating certificate must be surrendered “before an action” can be brought under the Social Services Law. Sec-' tion 461-g (subd 1, par [e]) provides, inter alia, that admission agreements cannot be terminated unless the operator has voluntarily surrendered the operating certificate for the facility. Petitioner acknowledges that the certificate has not been surrendered but asserts that section 461-g (subd 1, par [e]) and section 461-h (subd 12, par [c]) are apparently in conflict with subdivision 1 of section 460-b, section 460-d (subd 9, par [a]) and section 460-f of the Social Services Law which impose civil and criminal sanctions for surrendering the certificate while the facility remains in operation.
After reviewing the statutory scheme of sections 460 and 461 this court holds that this proceeding may be maintained prior to the surrender of the certificate. This holding is in accord with the informal opinions of both the Department of Social Services and the Attorney-General, *547 which, although not binding on this court, should be given considerable weight. Respondents’ second affirmative defense is stricken.
Respondents’ seventh affirmative defense asserts that petitioner as lessee of the facility cannot bring this proceeding. However subdivision 2 of section 461-h of the Social Services Law specifically provides that the special proceeding may be maintained by the operator. The seventh affirmative defense is stricken.
Respondents’ fifth, sixth and eighth affirmative defenses generally assert that petitioner’s board of directors is acting beyond its authority and contrary to its certificate of incorporation in closing the facility.
This court finds no authority granting respondents standing to challenge petitioner’s corporate action on such grounds. Petitioner is a not-for-profit corporation, funded by the income from a trust under the will of Henry J. Braker. Respondents are residents of a domiciliary care facility maintained by said corporation. The Attorney-General is authorized to challenge petitioner’s actions under his powers of representation and enforcement (EPTL 8-1.1, subd [f]). These powers extend beyond express trusts to include charitable dispositions where property has been donated for a specific purpose (Lefkowitz v Lebensfeld, 68 AD2d 488, affd 51 NY2d 442). He may also take appropriate action pursuant to sections 112 and 720 of the Not-For-Profit Corporation Law. Furthermore an officer or director of the corporation may bring an action to redress any alleged illegality under sections 623 and 720 of the Not-For-Profit Corporation Law. However nowhere does it appear that a resident of such home has standing to challenge the administration of the corporation.
On the contrary “If a third person were permitted to sue as a matter of right it would be possible to subject the charity to harassing litigation * * * The mere fact that a person may in the discretion of the trustee become a recipient of a benefit under the trust does not entitle him to maintain a suit for the enforcement of the trust.” (3 Scott, Trusts, pp 2056-2057.)
As the court said in Matter of Herman (Ten Broeck Free Academy) (177 Misc 276, 281) “Numerous charitable trusts *548 have as the objects of their bounty people without number, known and unknown, actual and potential. To give each one of these beneficiaries, real and fancied, the right to bring action on the trust * * * or gift which gives birth to their status as beneficiaries, would create a situation the evil of which would far outweigh the good”.
Accordingly, the fifth, sixth and eighth affirmative defenses are dismissed.
The respondents also object to joinder of the two respondents in a single proceeding. However joinder is permitted under these circumstances inasmuch as common questions of law and fact are involved.
Petitioner’s motion to vacate respondents’ demand for a bill of particulars is granted to the extent of vacating items 1 through 10 of the demand. These items seek particulars with regard to matters which will not be addressed at trial. Petitioner shall serve its bill of particulars with respect to those remaining items upon respondent on or before September 28, 1983.
The case is set down for those matters not determined herein at Part 17 of the court on October 29, 1983, at 9:30 A.M.
Petitioner shall requisition the entire file herein including the original of this order to the clerk of Part 17 on or before October 26, 1983.