OPINION OF THE COURT
Joel B. Gewanter, J.
Petitioner (adult care facility) commenced a special proceeding pursuant to RPAPL 713-a and Social Services Law § 461-h to terminate the admission agreement of the respondent (resident) and involuntarily discharge the respondent from the facility. Respondent now makes a preanswer motion to dismiss the petition on various grounds.
Initially, the court notes that respondent characterizes the within proceeding as a summary holdover proceeding. This characterization is erroneous. This is a special proceeding brought pursuant to the express statutory authority promulgated under Social Services Law article 7 and RPAPL 713-a. (See also, Salvation Army v Alverson, 157 Misc 2d 416 [Civ Ct, NY County 1992].) The court, therefore, must look to the Social Services Law and the applicable rules and regulations implementing the statute (18 NYCRR 487.1 et seq.) rather than the RPAPL to determine the issues presented in respondent’s motion.
Petitioner, as grounds for terminating the admission agreement, alleges in its petition that respondent’s conduct has been *641 such as to pose an imminent risk of death or imminent risk of serious harm to himself or others and, further, that respondent’s conduct has directly impaired the well-being, care or safety of the respondent or others or substantially interferes with the orderly operation of the facility. These allegations mirror the statutorily prescribed grounds for termination of admission agreements pursuant to Social Services Law § 461-g. Specifically, the petitioner alleges that respondent:
(a) failed to comply with the treatment of his medical doctor and psychiatrist;
(b) has been verbally and physically abusive to staff and residents;
(c) has been panhandling at Foodtown and terrorizing customers;
(d) has been sitting on steps and grabbing residents’ legs attempting to throw them down stairs;
(e) has been lying on benches in the smoking lounge and refusing to allow residents to sit down.
Respondent argues that these facts, as alleged in the petition and termination notice, fail to state with sufficient particularity the basis upon which the proceeding is based.
The court disagrees. Social Services Law § 461-h provides that, inter alia, every petition shall state the facts upon which the special proceeding is based. Here, the petition sufficiently alleges the type of conduct that respondent is alleged to have engaged in and, as such, the respondent has been adequately apprised of the petitioner’s basis for commencing the within proceeding.
Respondent next argues that compliance with the rules and regulations of the Department of Social Services, as they apply to the within proceeding, is a condition precedent to bringing a special proceeding pursuant to Social Services Law § 461-h. Respondent argues that petitioner failed to comply with the regulations compelling petitioner to take affirmative steps to transfer respondent if, in fact, he engaged in the type of conduct as alleged in the petition; therefore, petitioner is precluded from bringing the within proceeding. (See, 18 NYCRR part 487.)
Again, the court disagrees. Social Services Law § 461-g sets forth the specific grounds upon which an adult care facility is authorized to terminate an admission agreement and, further, the conditions precedent to bringing a proceeding to terminate said agreement. Specifically, Social Services Law *642 § 461-g (2) (a) states that no admission agreement shall be terminated and no resident of an adult home involuntarily discharged unless:
(a) the resident is served with 30 days’ notice of termination;
(b) the notice contains the reason for termination;
(c) the operator furnishes the resident with a list of free legal services, agencies, etc.; and
(d) the operator initiates a special proceeding in accordance with Social Services Law § 461-h.
Respondent does not allege that petitioner failed to comply with all said conditions precedent; rather, respondent simply alleges that petitioner failed to take steps to transfer respondent before commencing this proceeding.
Whereas, in the instant proceeding, the operator complies with all the conditions precedent to bringing a special proceeding to terminate an admission agreement and complies with the procedural requirements as mandated by Social Services Law § 461-h, there is no impediment to the court’s hearing of the matter. Any alleged failure on petitioner’s part to comply with departmental rules and regulations regarding the transfer of residents is a separate and independent administrative issue and not a condition precedent to bringing this special proceeding. Although noncompliance with particular regulations may expose the operator to administrative sanctions, such a failure to comply has no legal impact on the facial sufficiency of the petition.
Finally, respondent’s argument that the typographical error in petitioner’s termination notice which inaccurately sets the admission agreement date as June 10, 1980, rather than January 1, 1988, is de minimis and does not render the 30 days’ termination notice to respondent defective. The termination notice provides that the agreement shall be terminated and the respondent discharged on May 23, 1996 with personal delivery made upon respondent, as alleged in the petition, on April 23, 1996, thereby providing the respondent with the requisite 30-day notice.
Accordingly, respondent’s motion is denied.