OPINION OF THE COURT
Jeannine Baer Kuzniewski, J.
The decision/order in this notice of motion pursuant to CPLR 3211 and on the cross motion is as follows:
The respondent is a resident of the adult care facility under an adult care facility admission agreement. The petitioner alleges that Mr. Vargas has engaged in conduct that is in breach of the admission agreement and he is not abiding by the facility rules. The petitioner terminated his admission agreement and brings this petition pursuant to Social Services Law §§ 461-g and 461-h. The respondent has appeared by counsel and has submitted a notice of motion pursuant to CPLR 3211 for an order dismissing the proceeding alleging that Housing Court does not have jurisdiction over the proceeding. The petitioner opposes the motion and cross-moves for a transfer to Civil Court in lieu of a dismissal.
The respondent’s argument relies primarily upon the ruling in Mariners Residence Inc. v Arnold (51 Misc 3d 785 [Civ Ct, Richmond County 2016]). Said ruling found that the Housing Part does not have jurisdiction to determine the issue of termination of a resident from a Social Services Law facility. That court relied upon two cases in reaching its determination: Surf Manor Home for Adults v Edelman (20 Misc 3d 1115[A], 2008 NY Slip Op 51352[U] [2008]); and Salvation Army v Alverson (157 Misc 2d 416 [1992]). This court respectfully declines to follow the rulings in Mariners (51 Misc 3d 785) and Salvation Army (157 Misc 2d 416).
The applicable provisions of Social Services Law § 461-g provide:
“1. No adult home, residence for adults or enriched housing program which is subject to certification and supervision of the department shall terminate the admission agreement of any resident of such facility and involuntarily discharge him therefrom except for the following reasons: . . .
“(b) behavior of the resident which poses imminent *812 risk of death or imminent risk of serious physical harm to such resident or any other person; . . .
“(d) repeated behavior of the resident which directly impairs the well-being, care or safety of the resident or any other resident or which substantially interferes with the orderly operation of the facility.”
The applicable provisions of Social Services Law § 461-h provide:
“1. (a) A special proceeding to terminate the admission agreement of a resident of an adult home, residence for adults or enriched housing program and discharge the resident therefrom may be maintained in the county court, the justice court of the village, the town justice court, the court of civil jurisdiction in a city, or the district court which has jurisdiction over proceedings brought pursuant to article seven of the real property actions and proceedings law. . . .
“15. Notwithstanding the provisions of this article, nothing contained herein shall be construed to create a relationship of landlord and tenant between an operator of an adult home, residence for adults or enriched housing program and a resident thereof.”
The case law is clear that the residency agreement does not create a landlord tenant relationship. “Both Social Services Law § 461-h (15) and RPAPL 713-a provide in essence that nothing contained in Social Services Law article 7 shall be construed to create a relationship of landlord and tenant between an operator of an adult home or residence for adults and residents thereof.” (Fischer v Taub, 127 Misc 2d 518, 526 [App Term, 1st Dept 1984]; see also Surf Manor, 2008 NY Slip Op 51352 [U].)
Accepting that there is no landlord tenant relationship, the question is whether the Housing Court has jurisdiction in the absence of a landlord tenant relationship? “[T]he Appellate Term, Second Department, Second and Eleventh Judicial Districts, characterized the relationship between operator of an adult care facility and resident of an adult care facility as that of licensor and licensee” (Fischer v Taub, 127 Misc 2d 518, 526 [App Term, 1st Dept 1984]; Rosenson v Feigenbaum, NYLJ, Mar. 27, 1984 at 11, col 4 [App Term, 2d Dept, 2d & 11th Jud Dists 1984]). The Appellate Term ruled in Rosenson, that under Social Services Law § 461-h (9) the respondent “status was that of a licensee.”
*813 The Social Services Law does not specify that the Housing Court does not have jurisdiction, only that there is no landlord tenant relationship. It provides that the operator of an adult home must commence a special proceeding in a court of civil jurisdiction in a city. New York City Civil Court Act § 110 (a) (5) authorizes Housing Court judges authority over [ajetions and proceedings under article seven-A of the real property actions and proceedings law, and all summary proceedings to recover possession of residential premises to remove tenants therefrom” (emphasis added). Article 7 of the Real Property Actions and Proceedings Law governs summary proceedings to recover possession of real property. It specifically provides that
“[a] special proceeding to terminate the admission agreement of a resident of an adult home or residence for adults and discharge a resident therefrom may be maintained in a court of competent jurisdiction pursuant to the provisions of section four hundred sixty-one-h of the social services law and nothing contained in such section shall be construed to create a relationship of landlord and tenant between the operator of an adult home or residence for adults and a resident thereof.” (RPAPL 713-a.)
The Civil Court Act authorizes Housing Court to oversee summary proceedings and summary proceedings are special proceedings. (See Scherer, Residential Landlord-Tenant Law in New York § 1:16 [2015].)
Social Services Law § 461-h established “Special proceeding for termination of adult home, residence for adults and enriched housing program admission agreements.” Subdivision (10) (b) further provides that “[t]he judgment, including such money as it may award for use and occupancy of the facility or otherwise, may be docketed in such books as the court maintains for recording the steps in a summary proceeding . . . .” Housing Court maintains books for summary proceedings.
It follows that since the New York City Civil Court Act authorizes Housing Court authority over proceedings under article 7-A of the RPAPL and section 713 of the RPAPL directly concerns residents of an adult home, the Housing Court has jurisdiction. This position is not contrary to case law. A review of the Annotations of RPAPL 713 in the Civil Practice Annual (NY CLS Desk Ed at 2F-34 [2016]) cites Daniels v Christofoletti (143 Misc 2d 857 [1989]). The Honorable Jaime Rios, while *814 a Housing Court Judge in Queens County, determined that “[t]he proprietor of an adult home must commence a special proceeding to terminate the admission agreement of a resident at an adult home (see, RPAPL 701, 713-a; Social Services Law §§ 461-g, 461-h).” (Id. at 858.) He thereafter utilized his jurisdiction to restore the adult home resident to occupancy. (See also Caballero v Elliot, L & T index No. 13587/2013.)
The case relied upon by the respondent and the court in Mariners (51 Misc 3d 785), Surf Manor Home for Adults v Edelman (20 Misc 3d 1115[A], 2008 NY Slip Op 51352[U] [Civ Ct, Kings County 2008]), was determined by the Honorable Anthony Fiorella, a Housing Court Judge. After determining that there was no landlord tenant relationship,
“the court terminates respondent’s Admission Agreement. Petitioner is awarded a final judgment of possession with a warrant of eviction to issue forthwith and execution to be stayed forty-five (45) days to allow for an orderly transfer of respondent to another resident facility at which respondent’s needs may be more thoroughly diagnosed and at which additional medical treatment may be prescribed.” (Surf Manor, 2008 NY Slip Op 51352[U], *3.)
The respondent further relies upon Broker Mem. Home v White (121 Misc 2d 544 [Civ Ct, Bronx County 1983]). The Honorable Joseph Goldman ruled:
“Social Services Law (§ 461-h, subd 1, par [a]) provides that a special proceeding to terminate the admission of an adult home or residence and discharge the residents therefrom may be maintained in a court of civil jurisdiction which has jurisdiction over proceedings brought pursuant to RPAPL article 7 which, of course, in New York City is the Civil Court.
“Both the Social Services Law (§ 461-h, subd 15) and RPAPL 713-a provide that nothing contained therein shall be construed to create a relationship of landlord and tenant between the operator of an adult home, or residence for adults, and a resident thereof.
“CCA 110 provides for the establishment and maintenance of the Housing Part of the Civil Court. “Nothing in the law mandates that this proceeding be commenced in Part 17, the Housing Part, and *815 thus this court finds without merit respondents’ contention that this special proceeding should have been commenced in the Housing Part, Part 17. It is properly brought in the New York City Civil Court. That is not to say, however, that if this court finds triable issues of fact it does not have the discretion to order a trial in Part 17.” (Id. at 546.)
A continued reading of the decision shows that the court did in fact transfer it to Part 17, the Housing Part for a trial.
Pursuant to the foregoing, this court denies the respondent’s motion to dismiss the petition. The petitioner’s cross motion is denied as moot.