OPINION OF THE COURT
Scott Fairgrieve, J.
Petitioner has commenced this special proceeding pursuant to Social Services Law § 461-h to terminate the residency of respondent Joseph Clements and for his removal from The Bris-tal at Westbury, located at 117 Post Avenue, in Westbury, New York. The special proceeding further seeks recovery from the resident/respondent Joseph Clements and his brother guarantor/respondent James Clements for all charges, expenses and other assessments due under the residency agreement in the sum of $22,362.99 plus attorneys’ fees.
The petition alleges that Joseph became a resident pursuant to the residency (admission) agreement, effective on or about November 1, 2012. The petition further alleges that James is the responsible party designated in the residency agreement. James is also alleged to be the guarantor.
The petition states that a notice of termination, dated February 6, 2017, was served upon Joseph and James due to the alleged default in paying $22,362.99.
Paragraph 18 of the petition alleges that James and Joseph are liable because:
“Petitioner further seeks a judgment against Respondents, JOSEPH CLEMENTS and JAMES CLEMENTS for all charges, expenses and other assessments due in the amount of $22,362.99, as authorized under Social Services Law § 461-h (6) (e) plus its expenses and all attorneys’ fees in accordance with the terms of the Residency Agreement.”
The guarantee of payment (at 22 of the residency agreement) was allegedly executed by James on November 2, 2012. The guarantee of payment provides:
*313 “I, James Clements (‘Guarantor’), whose address is xxx xxxxx xxxx xxxx, Floral Park 11001, requests of The Bristal Assisted Living at Westbury (‘the Community’), to give Joseph Clements (‘Resident’), such room, board and services which the Community will provide to the Resident in accordance with the terms of the attached residency agreement and the Health Laws of New York State and the Regulations promulgated thereunder. In consideration of said room, board and services provided to the Resident in accordance with the attached residency agreement and applicable regulations. To the extent permitted by law, Guarantor unconditionally guarantees prompt payment when due of any existing or future indebtedness or liability of the Resident to the Community, including the cost of collection, attorneys’ fees, and court costs, etc. To the extent permitted by law, this Guarantee is binding upon Guarantor’s heirs, personal representatives, and assigns and insures to the benefit of the Community’s successors and assigns. Guarantor understands and agrees that he/she has signed this Guarantee voluntarily.
“Signature of Guarantor /s/ James Clements
“Name of Guarantor James Clements
“Address of Guarantor xxx xxxxxx xxxx Floral Pk, NY 11001
“Telephone Number of Guarantor xxx-xxx-xxxx
“Date: 11/2/12.”
Respondent James Clements has moved pursuant to CPLR 404 and 3211 (a) (2) for an order to dismiss the petition against him because he cannot be held liable based upon a guarantee in landlord-tenant court via a special proceeding brought pursuant to RPAPL 713-a and Social Services Law § 461-h; it is alleged that the court lacks subject matter jurisdiction over cases involving guarantors.
Issue
This is a case of first impression in New York. The question presented is whether a petitioner can commence a special proceeding in landlord-tenant court against a guarantor based upon Social Services Law § 461-h.
Respondent James argues in his motion to dismiss that he is a guarantor who cannot be sued in a summary proceeding. His attorney argues in her affirmation, dated May 4, 2017, that
*314 “[i]t is not alleged that Respondent James Clements is in possession of the premises at issue or that he has ever been in possession of same. The Petitioner alleges only that James Clements is a guarantor of payment of rent by Respondent Joseph Clements. Petition Paragraph 3.
“Guarantors are not proper parties in a summary proceeding and any obligation they may have to the Petitioner is not rent. Phoenix Industries, Inc. v Ultimate Sports, LLC, App. Term. 9th and 10th Jud. Dists. 2008, 19 Misc 3d 129(A); Realty Equity Holdings 3820 LLC v DeVito Furniture Corp., App. Term 2nd and 11th Jud. Dists. 2003, 1 Misc 3d 129(A); KLM Holdings, Inc. v Argudo, et al., Dist. Ct. Nass. Co. 2011, 32 Misc 3d 1220(A); 26-44 Lincoln Avenue, LLC v Iranian Jewish Center of Roslyn, Inc., Dist. Ct. Nass. Co. 2009; 25 Misc 3d 1221(A).”
Respondent James maintains in his memorandum in reply that there is no basis to permit guarantors to be sued in a special proceeding pursuant to Social Services Law § 461-h, based upon the general rule that guarantors cannot be sued in landlord-tenant court. Respondent James contends that Social Services Law § 461-h and RPAPL 713-a indicate that relief may be obtained only against residents and the said statutes do not indicate an intent to permit proceedings against guarantors. Respondent refers to RPAPL 713 which allows summary proceedings to be brought where no landlord-tenant relationship exists. Respondent James maintains that summary proceedings cannot be instituted against guarantors in a proceeding brought under RPAPL 713. By analogy, since guarantors cannot be sued under RPAPL 713 where no landlord-tenant relationship exists, this should be applied to proceedings under Social Services Law § 461-h.
Petitioner submits an affirmation in opposition to the motion to dismiss, dated May 19, 2017. Petitioner points out that it provided the following services to Joseph:
“Petitioner provided [Joseph] with certain services and items delineated therein, which include but are not limited to, lodging, board, three meals a day and snack, personal care, assistance with medications, twenty four hour security system, linen change, laundry of resident’s personal clothing, and assistance in obtaining access to necessary health *315 or mental health services (the ‘Assisted Living Services’). Id. at Article II. In exchange for these services Joseph, and James as guarantor, were required to promptly pay Petitioner certain charges and fees for the Assisted Living Services. See Exhibit A at Article IV.”
Petitioner states that it had to serve a notice terminating the residency agreement as of March 20, 2017, because Joseph and James failed to pay $20,407.81. Proceedings have been brought pursuant to Social Services Law § 461-g to remove Joseph from The Bristal.
Petitioner contends that the legal rationale relied upon by James to dismiss is only applicable to landlord-tenant relationships under article 7 of the RPAPL. The proceeding brought pursuant to Social Services Law § 461-h does not involve a landlord-tenant relationship.
Petitioner refers to the residency agreement between petitioner and Joseph (resident) and James (responsible party) as the basis to impose liability. The effective date of the residency agreement is November 1, 2012 with the admission date of November 6, 2012. The residency agreement provides as follows:
“The parties to this residency agreement understand that this Community is an adult care facility providing lodging, board, housekeeping, and personal care and supervision services to Resident in accordance with New York State Social Services Law and the Regulations of the New York State Department of Health (the ‘Department’).
“The Operator will not admit nor retain any person requiring continual medical or nursing care. Accordingly, admissions are restricted to individuals:
“1. Who, if disabled, have stabilized chronic disabilities;
“2. Who are ambulatory as defined by New York State Department of Health Code; and “3. Whose mental condition is such that they are not a danger to themselves or others.”
The residency agreement provides that the resident and/or responsible party are responsible for payment of the required rate and fees.
“HI. Resident’s Responsibilities
“The Resident and/or Responsible Party, if any, are responsible for the following:
*316 “1. Payment of the required Rate and fees.”
Paragraph IV entitled “Financial Responsibilities” provides that the resident agrees to pay the total basic daily rate of $124.17; reference to the responsible party is missing.
Pages 11-12 of the residency agreement provide the schedule of fees which is signed by Joseph, but the signature of James is lacking. The only signature of James is on the guarantee of payment. There is no signature of James as a responsible party.
Petitioner contends that the resident in a senior citizen facility can only be removed by a special proceeding brought pursuant to the Social Services Law and that no landlord-tenant relationship exists. (See Social Services Law §§ 461-h [15]; 461-g [2]; RPAPL 713-a; see also Land v Lopez, 169 Misc 2d 639 [Nassau Dist Ct 1996]; Oceanview Manor Home for Adults v Vargas, 52 Misc 3d 810 [Civ Ct, Kings County 2016].)
Petitioner further contends that the cases relied upon by respondent James are inapplicable because those cases were commenced under RPAPL article 7 and thus are not relevant to the issue before this court.
Petitioner argues that the terms “possession” and “rent” are only applicable to proceedings commenced based upon RPAPL article 7. Petitioner cites the case of Land v Lopez for the proposition that the within special proceeding is not a summary proceeding, and that the court must look at the Social Services Law and applicable rules and regulations implementing the statute rather than the RPAPL to determine the issue before this court:
“Initially, the court notes that respondent characterizes the within proceeding as a summary holdover proceeding. This characterization is erroneous. This is a special proceeding brought pursuant to the express statutory authority promulgated under Social Services Law article 7 and RPAPL 713-a.
(See also, Salvation Army v Alverson, 157 Misc 2d 416 [Civ Ct, NY County 1992].) The court, therefore, must look to the Social Services Law and the applicable rules and regulations implementing the statute (18 NYCRR 487.1 et seq.) rather than the RPAPL to determine the issues presented in respondent’s motion.” (Land, 169 Misc 2d at 640.)
Petitioner maintains that respondent has failed to sustain his burden of proof to show that this court lacks authority to adjudicate the claim against James, because no legal authority *317 has been cited to block this adjudication. Petitioner proffers that
“[t]he fact that James cites only to inapplicable case law and provides this Court without any justification to apply the principle]s articulated in the cases under the RPAPL, must result in the outright denial of this Motion. James cites to no authority that the restriction of naming a guarantor in a summary proceeding under RPAPL Article 7 could or should be applied to special proceedings under the Social Services Law, which exists as a part of a totally distinct statutory scheme. Failing to satisfy his burden the Motion must be denied. As Respondent’s arguments only provide justification stemming from RPAPL, they must fail, as they are inapplicable to the proceeding being brought against him.”
Petitioner also contends that the prohibition that exists against guarantors in a landlord-tenant proceeding does not apply to guarantors in a proceeding brought pursuant to Social Services Law § 461-h which does not have such a restriction.
Petitioner emphasizes that RPAPL 741 (5) restricts recovery in summary proceedings to rent or the value of use and occupancy. Petitioner states there is no restriction on the type of damages that can be granted under the Social Services Law nor the extent of the claims that can be joined and considered by the court. Petitioner cites to Social Services Law § 461-h (10) (a) which directs that “[t]he court shall direct that a final judgment be entered determining the rights of the parties with regard to the admission agreement.”
Petitioner concludes that since the guarantee arises out of the residency agreement and is a part thereof, this court has the authority to determine the liability of James under the residency agreement.
Respondent submits in his memorandum in reply that Social Services Law § 461-h and RPAPL 713-a restrict proceedings to residents only and not against guarantors.
In Oceanview Manor Home for Adults v Vargas (52 Misc 3d 810, 812 [Civ Ct, Kangs County 2016]), the court noted that the relationship between an adult care facility and resident is that of licensor and licensee, in finding that it had jurisdiction:
“Accepting that there is no landlord tenant relationship, the question is whether the Housing *318 Court has jurisdiction in the absence of a landlord tenant relationship? ‘[T]he Appellate Term, Second Department, Second and Eleventh Judicial Districts, characterized the relationship between operator of an adult care facility and resident of an adult care facility as that of licensor and licensee’ (Fischer v Taub, 127 Misc 2d 518, 526 [App Term, 1st Dept 1984]; Rosenson v Feigenbaum, NYLJ, Mar. 27, 1984 at 11, col 4 [App Term, 2d Dept, 2d & 11th Jud Dists 1984]). The Appellate Term ruled in Rosenson, that under Social Services Law § 461-h (9) the respondent ‘status was that of a licensee.’ ”
To terminate the license of the resident, RPAPL 713-a authorizes a special proceeding to be commenced against a resident to terminate the admission agreement pursuant to Social Services Law § 461-h:
“A special proceeding to terminate the admission agreement of a resident of an adult home or residence for adults and discharge a resident therefrom may be maintained in a court of competent jurisdiction pursuant to the provisions of section four hundred sixty-one-h of the social services law and nothing contained in such section shall be construed to create a relationship of landlord and tenant between the operator of an adult home or residence for adults and a resident thereof.”
An analysis of Social Services Law § 461-h demonstrates that the special proceeding is only contemplated against a resident to terminate his/her residency. Social Services Law § 461-h (1) (a) provides for the jurisdiction of courts to terminate the residencies in adult homes; no mention is made of proceedings against guarantors.
Social Services Law § 461-h (5) (a) provides for service of the notice of petition and petition by “personally delivering them to the resident.” The said statute neither provides for nor contemplates service upon guarantors.
Courts have refused to allow guarantors to be joined as respondents in matters brought as traditional landlord-tenant proceedings. See State Realty, LLC v Ger (55 Misc 3d 133[A], 2017 NY Slip Op 50439[U], *1-2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]), holding:
“In a summary proceeding, the court lacks subject matter jurisdiction to adjudicate a debt owed to the landlord by a guarantor of the rent. As no landlord- *319 tenant relationship exists between these parties, the money owed by the guarantor on the guaranty is not ‘rent’ within the meaning of RPAPL 741 (5) (see MTC Commons, LLC v Millbrook Training Ctr. & Spa, Ltd., 50 Misc 3d 135[A], 2016 NY Slip Op 50048 [U] [App Term, 2d Dept, 9th & 10th Jud Dists 2016] . . . ). Thus, the Civil Court did not have jurisdiction to adjudicate this claim for a debt allegedly owed to landlord by Lankios as guarantor of tenant’s rent.”
Based upon the foregoing, this court declines to allow guarantors to be joined as parties in a special proceeding brought pursuant to RPAPL 713-a and Social Services Law § 461-h.
Conclusion
The special proceeding at bar as against respondent James is dismissed without prejudice. Petitioner may commence a separate plenary proceeding in a court of competent jurisdiction against the guarantor.