■ JAY N. CAMPBELL, Individually on Behalf of All Others Similarly Situated, Respondent-Appellant; SARAH THORNTON, Individually and on Behalf of All Others Similarly Situated, Respondent, and EDWARD MADSEN, Individually and on Behalf of All Others Similarly Situated, Intervenor-Respondent, v BARBARA BLUM, as Commissioner of the New York State Department of Social Services, et al., Appellants-Respondents, and ZEV VISHNIA as Administrator of Bronx Manor Home for Adults, et al., Respondents, et al., Defendants. — Order and judgment (one paper), Supreme Court, New York County (Gabel, J.), entered November 2, 1981, which, *inter alia:* (1) granted plaintiffs' motion for a declaratory judgment to the extent of declaring, among other things: (a) that the action of private proprietors of adult homes in evicting or in attempting to evict residents constitutes "State action" within the purview of the due process clause and (b) that the proprietors of an adult home may not involuntarily evict a resident, except upon service of a 30-day written notice containing the alleged cause for eviction and commencement of a special proceeding in accordance with section 461-h of the New York State Social Services Law; and, (2) *sua sponte* dismissed the complaint of the individual plaintiff Jay Nelson Campbell, insofar as it sought money damages, is unanimously reversed, judgment vacated, and this action dismissed as moot, without prejudice to any action which plaintiff may bring against a proprietor of an adult home, without costs. In essence, the plaintiffs brought this action for the purpose of protecting residents of adult homes from arbitrary eviction. Since by statute (see L 1981, ch 983) due process is insured to a resident of this type of home before their admission agreement may be involuntarily terminated, this appeal has now been rendered moot. The effect of our dismissal is " 'to erase the whole case from the books' " (*Matter of Park East Corp. v Whelan,* 43 NY2d 735, 736; *Matter of Two Lincoln Sq. Assoc. v New York City Conciliation & Appeals Bd.,* 75 AD2d 751). Were we to reach the merits, we would find no "State action" and no cause of action for damages against the State. Concur — Kupferman, J. P., Ross, Fein and Alexander, JJ.

■ MARY ALLEN v JAMES J. BAMBURY. — Motion granted and appeal from order entered on August 24, 1981 is dismissed (22 NYCRR 600.11 [a] [3]), and appellant's appeal from the order entered on March 8, 1982, *sua sponte,* dismissed as no appeal lies from denial of reargument. Concur — Sandler, J. P., Carro, Silverman, Bloom and Kassal, JJ.