OPINION OF THE COURT
Jaime A. Rios, J.
Can a person afflicted with acquired immune deficiency syndrome (AIDS) be evicted from their residence at an adult home without resort to judicial proceedings? Does that resident pose an imminent risk of death or danger to other residents? These issues are raised in the subject proceeding to *858 restore petitioner to his room at the Queens Lighthouse Home for Adults located in Queens County.
The proceeding was necessitated by respondent’s repeated refusal to restore petitioner to possession of his room.
BACKGROUND
Petitioner is legally blind, and a resident of the Queens Lighthouse since 1985. On February 14, 1989, he was admitted to the City Hospital Center at Elmhurst. While a patient at the hospital, it was determined that he was afflicted with AIDS. The diagnosis was communicated to respondent.
The hospital on March 20, 1989 certified petitioner for release to the subject premises: "I find that the physical condition of patient is such that he does not require medical care or nursing services which cannot be provided at the Domiciliary Care Facility at which he resides.”
A follow-up report dated April 25, 1989 failed to disclose any information contrary to the hospital’s prior determination. Notwithstanding the hospital’s decision to discharge the petitioner, respondent continues to refuse readmission to petitioner.
PROCEDURAL LAW
RPAPL 721 (4) provides that a special proceeding to recover real property may be maintained by a person "forcibly put out or kept out.”
Administrative Code of the City of New York § 26-521 restricts the eviction of any occupant who has been in lawful residence of a dwelling unit for 30 consecutive days. The statute requires a warrant of eviction by a court of competent jurisdiction, or a governmental vacate order before an eviction can be effectuated.
The proprietor of an adult home must commence a special proceeding to terminate the admission agreement of a resident at an adult home (see, RPAPL 701, 713-a; Social Services Law §§ 461-g, 461-h).
In the case at bar, there is no dispute that petitioner has been illegally evicted. Respondent has not commenced any judicial proceedings, nor have they obtained any order from a governmental agency permitting the petitioner’s exclusion from his residence (Campbell v Blum, 91 AD2d 937).
*859 SUBSTANCE
Despite respondent’s failure to comply with the procedural requirements outlined in RPAPL 713-a and Social Services Law § 461-h, the parties chose to litigate the merits of the denial of readmission. Respondent argued that exclusion was permissible based upon: (a) petitioner’s need for continued medical or nursing care which the adult home cannot provide; and (b) petitioner’s imminent risk of death or harm to other residents. Respondent maintained that in the past petitioner’s "bloody sputum and bloody feces” had been found by staff personnel on toilet seats and on the floors of the common bathrooms. The use of these restrooms by other blind residents under the circumstances was of grave concern to respondent.
With respect to the issue of continuing medical care, respondent noted that the hospital report had indicated petitioner "needs all kinds of support and care” and "is also prone to opportunistic infections and needs to be watched.”
Petitioner, through the testimony of Dr. Pauline Thomas, successfully rebutted respondent’s contentions. Dr. Thomas, an epidimologist, and director of the AIDS monitoring unit of the Department of Health, rejected respondent’s concerns as unsubstantiated. Dr. Thomas stated that there were no reported cases of AIDS being transmitted through incidental contact with the skin. Dr. Thomas maintained that AIDS is only transmitted through intravenous drug use, blood transfusions or sexual intercourse.
Dr. Thomas further testified that the incubation period for the disease is 11 to 20 years; therefore, petitioner has been infected with the disease for a substantial period of time. The petitioner’s present medical condition is well documented. Petitioner correctly argues that respondent’s interpretation of the medical reports are flawed. The medical personnel at the hospital concluded that petitioner did not require residence at a nursing home. Furthermore, the hospital determined petitioner to be eligible for discharge to his residence at the Lighthouse.
CONCLUSION
For the reasons stated above, the petitioner is restored forthwith to possession of his room at the Queens Lighthouse for Adults. The respondent’s denial of admission was an illegal deprivation of petitioner’s right to due process of law. Further *860 more, an evaluation on the merits failed to sustain a finding that petitioner would pose an imminent risk of death or imminent risk of serious physical harm to other residents.
The testimony adduced at trial disclosed the existence of adequate safeguards and precautions in place at the adult home. Whether an individual is afflicted with AIDS or not should not be the impetus for establishing good hygiene practices. Accommodations can be made in the use of toilets to prevent "accidents”.
The clerk of the court shall enter judgment in favor of petitioner.