ANTOINETTE MARINI et al., Respondents, v VINCENT LOMBARDO, Appellant, et al., Defendants. [793 NYS2d 460]—

In an action for ejectment, the defendant Vincent Lombardo appeals from an order of the Supreme Court, Nassau County (Joseph, J.), dated September 25, 2003, which granted the plaintiffs' motion for leave to reargue his prior cross motion for consolidation, which, in a prior order of the same court dated July 2, 2003, had been granted to the extent of directing a joint trial of this action and an action entitled *Lombardo v Lombardo*, pending in the Supreme Court, Nassau County, under index No.

2002-19275, and, upon reargument, in effect, sua sponte, awarded summary judgment in favor of the plaintiffs.

Ordered that on the Court's own motion, the notice of appeal is treated as an application for leave to appeal from so much of the order as, in effect, sua sponte, awarded summary judgment in favor of the plaintiffs, and leave to appeal is granted from that portion of the order (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is modified, on the law, by deleting the provision thereof which, upon reargument, in effect, sua sponte, awarded summary judgment in favor of the plaintiffs, and substituting therefor provisions, upon reargument, denying the defendant's prior cross motion for consolidation in its entirety and vacating so much of the order dated July 2, 2003, as granted the cross motion to the extent of directing a joint trial; as so modified, the order is affirmed, with costs to the appellant.

Contrary to the contention of the defendant Vincent Lombardo, the Supreme Court properly entertained the plaintiffs' motion for reargument of that portion of a prior order which directed a joint trial of this action with another action (*see Leist v Goldstein*, 305 AD2d 468 [2003]). Moreover, the Supreme Court properly exercised its discretion in granting reargument, as "[m]otions for reargument are addressed to the sound discretion of the court which decided the prior motion and may be granted upon a showing that the court overlooked or misapprehended the facts or law or mistakenly arrived at its earlier decision" (*Viola v City of New York*, 13 AD3d 439, 440 [2004]).

Upon reargument, the plaintiffs argued that a joint trial was inappropriate, resubmitting evidence of their ownership of the subject premises and contending that Lombardo possessed no viable claim of an ownership interest in it. Based upon this showing, the Supreme Court should have vacated that portion of its prior order which directed a joint trial on the ground that there were no common questions of law or fact in the two actions (*see generally Skelly v Sachem Cent. School Dist.*, 309 AD2d 917 [2003]). However, the Supreme Court went further and in effect, sua sponte, awarded judgment in favor of the plaintiffs. This was error, since no motion for summary judgment was before the Supreme Court on the reargument application, and the Supreme Court did not give the parties notice of any intention to deem the application to be one for summary judgment (*see Mihlovan v Grozavu*, 72 NY2d 506 [1988]; *Taskiran v Murphy*, 8 AD3d 360 [2004]; *Katz v Waitkins*, 306 AD2d 442 [2003]). Moreover, contrary to the plaintiffs' current argument, the order cannot be deemed a striking of Lombardo's answer based upon his prior default in appearing, as a motion

for that relief was denied by the Supreme Court in its prior order, and the plaintiffs did not seek leave to reargue that motion.

Lombardo's remaining contentions are without merit. Schmidt, J.P., Santucci, Luciano and Mastro, JJ., concur.