■ COMPREHENSIVE BENEFIT CONSULTANTS, INC., Respondent, v BRADLEY SPITZ, Appellant. [995 NYS2d 187]—

In an action to recover damages for breach of contract and tortious interference with business relations, the defendant appeals from an order of the Supreme Court, Suffolk County (Asher, J.), dated January 25, 2013, which granted those branches of the plaintiff's motion which were pursuant to CPLR 6301 for a preliminary injunction, in effect, enforcing a restrictive covenant in the defendant's employment agreements prohibiting him, until January 12, 2014, from, inter alia, soliciting certain client accounts, and, in effect, searched the record and awarded the plaintiff summary judgment on the issue of liability.

Ordered that the appeal from so much of the order as granted those branches of the plaintiff's motion which were pursuant to CPLR 6301 for a preliminary injunction, in effect, enforcing a restrictive covenant in the defendant's employment agreements prohibiting him, until January 12, 2014, from, inter alia, soliciting certain client accounts is dismissed; and it is further,

Ordered that the order is reversed insofar as reviewed, on the law; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The appeal from so much of the order as awarded the plaintiff preliminary injunctive relief has been rendered academic, as the preliminary injunction expired by its own terms on January 12, 2014. Accordingly, the appeal from that portion of the order must be dismissed as academic (*see Messiah's Covenant Community Church v Weinbaum*, 74 AD3d 916, 919 [2010]).

The Supreme Court erred by, in effect, searching the record and awarding summary judgment on the issue of liability to the plaintiff. The defendant had not yet served an answer, there was no motion for summary judgment before the court, and the court did not afford the parties notice of any intention to deem the motion one, inter alia, for summary judgment (*see Marini v Lombardo*, 17 AD3d 545, 546 [2005]). Accordingly, the order must be reversed insofar as reviewed.

The defendant's remaining contentions either are not properly before this Court or need not be reached in light of our determination. Skelos, J.P., Dickerson, Maltese and LaSalle, JJ., concur.