In an action for injunctive relief, the plaintiff appeals from an order of the Supreme Court, Kings County (Solomon, J.), entered March 28, 2016, which denied its motion for a preliminary injunction.
 

 Ordered that the order is affirmed, with costs.
 

 The defendant operates a dry-cleaning business on the ground floor of a building located at 19 Patchen Avenue, Brooklyn. The plaintiff is the owner of the property. Prior to purchasing the property, as part of the due diligence of the sale, the plaintiff retained a private company to perform environmental testing of the property. The testing results showed that the property’s soil, soil vapor, indoor air, and groundwater were impacted by dry cleaning solvents, and the testing company suggested extensive remedies to alleviate the problem. Despite the test results, the plaintiff purchased the property. The plaintiff offered the defendant the opportunity to relocate its dry-cleaning business, and thereafter served the defendant with a 10-day notice to cure. The defendant neither accepted the offer to relocate nor cured the condition. The plaintiff then commenced this action to enjoin the defendant from operating the dry-cleaning business or using hazardous chemicals and from occupying the premises during the time it took to remediate the problem. The Supreme Court denied the plaintiff’s motion for a preliminary injunction.
 

 To establish the right to a preliminary injunction, the plaintiff must prove by clear and convincing evidence (1) the likelihood of ultimate success on the merits, (2) irreparable injury absent the grant of the injunction, and (3) a balance of the equities in the plaintiffs favor (see CPLR 6301; Ginsburg v Ock-A-Bock Community Assn., Inc., 34 AD3d 637, 637 [2006]; Koursiaris v Astoria N. Dev., 143 AD2d 639, 641 [1988]). “The decision to grant a preliminary injunction is a matter ordinarily committed to the sound discretion of the court hearing the motion. Moreover, [i]n the absence of unusual or compelling circumstances, [the] court [s] [are] reluctant to disturb said determination” (Masjid Usman, Inc. v Beech 140, LLC, 68 AD3d 942, 942 [2009] [internal quotation marks and citations omitted]). “The purpose of a preliminary injunction is to maintain the status quo, not to determine the ultimate rights of the parties” (Matter of Wheaton/TMW Fourth Ave., LP v New York City Dept. of Bldgs., 65 AD3d 1051, 1052 [2009]).
 

 Here, the Supreme Court providently exercised its discretion in denying the plaintiff’s motion for a preliminary injunction. While disputed issues of fact alone will not justify the denial of a motion for a preliminary injunction (see CPLR 6312 [c]), the plaintiff failed to establish a likelihood of ultimate success on the merits (see Joseph v Joseph, 108 AD3d 597, 598 [2013]). The plaintiff also failed to establish irreparable injury absent the grant of the injunction, or that a balance of the equities was in its favor (see Town of Brookhaven v MMCCAS Holdings, Inc., 137 AD3d 1258, 1259 [2016]).
 

 Hall, J.P., Roman, Cohen and Barros, JJ., concur.