In an action for specific performance of a real estate contract, the plaintiff appeals (1) from an order of the Supreme Court, Queens County (D. Hart, J.), dated November 12, 2015, which denied his motion to consolidate the action with an action entitled Tan v Liang, pending in the Supreme Court, Queens County, under index No. 13456/11, and to vacate a prior order of the same court dated September 19, 2012, inter alia, granting the defendant’s motion to vacate a notice of pendency and dismiss the complaint, (2), as limited by his brief, from so much of an order of the same court also dated November 12, 2015, as denied that branch of his motion which was for a preliminary injunction preventing the defendant from using the assets received from the sale of certain real property, and (3) from an order of the same court dated November 25, 2015, which denied the defendant’s motion to consolidate the action with other actions pending in the Supreme Court, Queens County, between the parties.
 

 Ordered that the appeal from the order dated November 25, 2015, is dismissed, as the plaintiff is not aggrieved by that order (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144, 156-157 [2010]); and it is further,
 

 Ordered that the first order dated November 12, 2015, is affirmed; and it is further,
 

 Ordered that the second order dated November 12, 2015, is affirmed insofar as appealed from; and it is further,
 

 Ordered that one bill of costs is awarded to the defendant.
 

 The plaintiff commenced this action seeking specific performance of a contract for the sale of an apartment. In an order dated September 19, 2012, the Supreme Court granted a motion by the defendant to, inter alia, dismiss the complaint. Thereafter, the plaintiff moved pursuant to CPLR 5015 (a) (3) to vacate the order dated September 19, 2012, and to consolidate this action with another action pending between the parties. The court denied the motion in an order dated November 12, 2015.
 

 The plaintiff failed to demonstrate the existence of fraud, misrepresentation, or misconduct on the part of the defendant and, therefore, he was not entitled to vacatur pursuant to CPLR 5015 (a) (3) (see Diaz v Wyckoff Hgts. Med. Ctr., 148 AD3d 778, 779 [2017]; Porter v Porter, 137 AD3d 992, 993 [2016]). Accordingly, the Supreme Court properly denied the plaintiff’s motion pursuant to CPLR 5015 (a) (3) to vacate the order dated September 19, 2012, and to consolidate this action with another action pending between the parties.
 

 The Supreme Court also properly denied that branch of the plaintiff’s motion which was for a preliminary injunction preventing the defendant from using assets received from the sale of the subject apartment. “To obtain a preliminary injunction, a movant must demonstrate, by clear and convincing evidence, (1) a likelihood of success on the merits, (2) irreparable injury if a preliminary injunction is not granted, and (3) a balance of equities in his or her favor” (Swartz v Swartz, 145 AD3d 818, 822 [2016]; see CPLR 6301). “The decision to grant or deny a preliminary injunction lies within the sound discretion of the Supreme Court” (Swartz v Swartz, 145 AD3d at 822 [internal quotation marks omitted]). Here, the plaintiff failed to demonstrate a likelihood of success on the merits, and failed to demonstrate irreparable injury since he did not establish that monetary damages would be inadequate compensation (see CPLR 6301; Swartz v Swartz, 145 AD3d at 822; Stangel v Zhi Dan Chen, 74 AD3d 1050, 1053-1054 [2010]; Family-Friendly Media, Inc. v Recorder Tel. Network, 74 AD3d 738, 740 [2010]).
 

 The plaintiff’s remaining contentions are without merit.
 

 Eng, P.J., Rivera, Roman and Connolly, JJ., concur.