Braunstein v Hodges (2018 NY Slip Op 00401)





Braunstein v Hodges


2018 NY Slip Op 00401


Decided on January 24, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 24, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
L. PRISCILLA HALL
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2016-03691
 (Index No. 506974/13)

[*1]Barry Braunstein, et al., appellants, 
v
Joan Hodges, respondent.


Avrom R. Vann, P.C., New York, NY, for appellants.
Bruce S. Reznick, P.C. (Thomas Torto, New York, NY [Jason Levine], of counsel), for respondent.



DECISION & ORDER
Appeal from an order of the Supreme Court, Kings County (Arthur M. Schack, J.), dated March 2, 2016. The order denied the plaintiffs' motion for a preliminary injunction enjoining the defendant from interfering with an alleged easement over certain real property.
ORDERED that the order is affirmed, with costs.
The plaintiffs commenced this action for a permanent injunction enjoining the defendant from interfering with an alleged easement over certain real property. The defendant submitted an answer in which she alleged that the subject easement had been extinguished through adverse possession. More than seven months later, the plaintiffs moved for a preliminary injunction enjoining the defendant from interfering with the alleged easement during the pendency of this action. The Supreme Court denied the plaintiffs' motion, and the plaintiffs appeal.
To establish the right to a preliminary injunction, the plaintiff must demonstrate (1) the likelihood of ultimate success on the merits, (2) irreparable injury absent the grant of the injunction, and (3) a balance of the equities in the plaintiff's favor (see CPLR 6301; J.A. Preston Corp. v Fabrication Enters., 68 NY2d 397, 406; 19 Patchen, LLC v Rodriguez, 153 AD3d 1382, 1383). Here, the plaintiffs failed to establish these three elements. Accordingly, the Supreme Court providently exercised its discretion in denying the plaintiffs' motion for a preliminary injunction.
The plaintiffs' remaining contention is not properly before this Court (see Pennsylvania Gen. Ins. Co. v Austin Powder Co., 68 NY2d 465, 472-473).
CHAMBERS, J.P., HALL, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court