Jones v State Farm Fire & Cas. Co. (2020 NY Slip Op 08050)





Jones v State Farm Fire & Cas. Co.


2020 NY Slip Op 08050


Decided on December 30, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 30, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
HECTOR D. LASALLE
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2019-00734
 (Index No. 518268/18)

[*1]Tyrana Jones, et al., respondents, 
v
State Farm Fire & Casualty Company, appellant, et al., defendants.


Rivkin Radler LLP, Uniondale, NY (Merril S. Biscone and Cheryl F. Korman of counsel), for appellant.
Solomos & Storms, Astoria, NY (Derrick Storms of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract and negligence, the defendant State Farm Fire & Casualty Company appeals from an order of the Supreme Court, Kings County (Carolyn E. Wade, J.), dated December 24, 2018. The order granted the plaintiffs' motion for a preliminary injunction directing the defendant State Farm Fire & Casualty Company to continue to pay for the plaintiffs' temporary housing costs.
ORDERED that the order is affirmed, with costs.
The plaintiff Tyrana Jones owns a house in Brooklyn that was insured under a homeowner's insurance policy issued by the defendant State Farm Fire & Casualty Company (hereinafter State Farm). On June 20, 2018, Jones's house was allegedly damaged by construction taking place on the adjacent lot. On June 23, 2018, the City of New York Department of Buildings found Jones's house to be unsafe, and a vacate order was subsequently issued. For two months, State Farm paid for Jones, her two daughters, and her four young grandchildren to live in temporary housing. By letter dated September 7, 2018, State Farm disclaimed coverage and informed Jones that it would discontinue paying for temporary housing after September 14, 2018.
On September 10, 2018, Jones commenced this action, alleging that her insurance policy required State Farm to pay for temporary housing. The policy provides coverage for "Additional Living Expense" for up to 24 months, "[w]hen a Loss Insured causes the residence premises to become uninhabitable." By amended summons and complaint, Jones added her children and grandchildren as plaintiffs. The plaintiffs asserted, among other things, a cause of action against State Farm to recover damages for breach of contact and a cause of action against the defendants 174 Madison, LLC, Shell NY Construction, Inc., and Brooklyn B Company Group, Inc., which were the entities allegedly responsible for the construction, to recover damages for negligence.
In an order dated December 24, 2018, the Supreme Court granted the plaintiffs' motion for a preliminary injunction directing State Farm to continue to pay their temporary housing costs. State Farm appeals.
The determination whether to grant a motion for a preliminary injunction (see CPLR [*2]6301) rests within the sound discretion of the Supreme Court, and requires a party to demonstrate a probability of success on the merits, a danger of irreparable injury in the absence of an injunction, and a balance of equities in that party's favor (see Nobu Next Door, LLC v Fine Arts Hous., Inc., 4 NY3d 839). These elements must be established by clear and convincing evidence (see Liang v Yi Jing Tan, 155 AD3d 1020).
The plaintiffs demonstrated a probability of success on the merits. The policy provides coverage for "direct physical loss" to the subject property, including the "foundation, floor slab and footings supporting the dwelling." State Farm contends that the damage sustained by Jones's property falls within the "Earth Movement" exclusion to coverage, "meaning the sinking, rising, shifting, expanding or contracting of earth, all whether combined with water or not. Earth movement includes but is not limited to earthquake, landslide, mudflow, mudslide, sinkhole, subsidence, erosion or movement resulting from improper compaction, site selection or any other external forces." As State Farm contends, this exclusion applies to a loss caused by excavation on an adjacent lot (see Bentoria Holdings, Inc. v Travelers Indem. Co., 20 NY3d 65, 67; Sheehan v State Farm Fire & Cas. Co., 239 AD2d 486).
An insurer bears the heavy burden, however, of demonstrating not only that an exclusion is subject to no other reasonable interpretation, but also that the exclusion applies in a particular case (see Insurance Co. of Greater N.Y. v Clermont Armory, LLC, 84 AD3d 1168). Here, the plaintiffs' submissions contradict the conclusion of State Farm's expert that the damage to the property was caused by soil movement. The plaintiffs submitted affidavits, photographs, and an expert's report, all indicating that the damage to the property was caused by impacts and vibrations from a large Hitachi backhoe operated at the construction site. Notably, State Farm's expert did not inspect the exterior of the property where the impact damage allegedly occurred. Furthermore, while coverage would not apply if earth movement were merely a contributing cause of the damage (see Cali v Merrimack Mut. Fire Ins. Co., 43 AD3d 415), State Farm does not dispute that damage caused exclusively by impacts and vibrations of the backhoe would be a covered loss.
As the purpose of a preliminary injunction is to maintain the status quo pending a final determination in the action, a court may exercise its discretion to grant a preliminary injunction even when questions of fact exist (see CPLR 6312[c]; 19 Patchen, LLC v Rodriguez, 153 AD3d 1382; Vanderbilt Brookland, LLC v Vanderbilt Myrtle, Inc., 147 AD3d 1104). The decision whether to grant a preliminary injunction depends on probabilities, which may be disproven when the action is tried on the merits (see J. A. Preston Corp. v Fabrication Enters., 68 NY2d 397, 406).
The plaintiffs established the element of irreparable injury in the absence of an injunction. Jones stated in an affidavit that she, her two daughters, and her four grandchildren would be rendered homeless in the absence of an injunction directing State Farm to continue paying for temporary housing (see McCain v Koch, 117 AD2d 198, 211, revd in part 70 NY2d 109).
The balance of the equities weighs in the plaintiffs' favor. If necessary, State Farm may seek reimbursement of any amounts it paid for the plaintiffs' temporary housing, through its right of subrogation against the alleged tortfeasors 174 Madison, LLC, Shell NY Construction, Inc., and Brooklyn B Company Group, Inc. (see generally Pennsylvania Gen. Ins. Co. v Austin Powder Co., 68 NY2d 465, 471). Contrary to State Farm's contention, granting the motion for a preliminary injunction does not improperly award the plaintiffs the ultimate relief sought in this action.
In the absence of unusual or compelling circumstances, courts are reluctant to disturb the determination of a court which decided a motion for a preliminary injunction (see Porcari v Griffith, 169 AD3d 729). Here, the Supreme Court providently exercised its discretion in granting the plaintiffs' motion for a preliminary injunction, and we decline to disturb that determination.
State Farm's remaining contention is not properly before this Court.
DILLON, J.P., LASALLE, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court