Zucker v Bernstein (2022 NY Slip Op 01203)





Zucker v Bernstein


2022 NY Slip Op 01203


Decided on February 23, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
CHERYL E. CHAMBERS
SHERI S. ROMAN
LINDA CHRISTOPHER, JJ.


2021-03783
 (Index No. 702301/20)

[*1]Saul Zucker, respondent,
v
Sylvia Bernstein, appellant.


Miller Law Offices, PLLC, Lynbrook, NY (Scott J. Farrell and Jeffrey H. Miller of counsel), for appellant.
Avi Rosenfeld, Lawrence, NY, for respondent.



DECISION & ORDER
In an action for the partition and sale of real property, the defendant appeals from an order of the Supreme Court, Queens County (Denis J. Butler, J.), entered May 26, 2021. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was for a preliminary injunction compelling the defendant to clean, or hire someone to clean, the interior of the residential portion of the subject property.
ORDERED that the order is affirmed insofar as appealed from, with costs.
When this action was commenced, the plaintiff, Saul Zucker, and the defendant, Sylvia Bernstein, owned real property in Far Rockaway as tenants in common. Prior to the commencement of this action, the plaintiff's father occupied a portion of the premises, using it as an office for his medical practice, and the defendant resided in the other portion of the premises. In January 2019, the defendant moved into a nursing home. According to the plaintiff, at some point during the defendant's absence, the plaintiff's father retired from the practice of medicine and no longer occupied the portion of the premises where his practice had been located. The premises fell into disrepair and the house became uninhabitable, with trash everywhere, bathrooms out of order, water damage, and crumbling ceilings.
In February 2020, the plaintiff commenced this action, seeking the partition and sale of the premises. In February 2021, a pipe burst and flooded the premises. As part of the claims process, a representative of the insurance company, CNA Financial, inspected the premises and advised the insurance agent that if the premises were not cleared within 30 days, the insurance policy would be cancelled. According to the plaintiff, the defendant refused to clean the property and prohibited the plaintiff from doing so. The plaintiff moved for a preliminary injunction, inter alia, compelling the defendant to clean the interior of the residential portion of the premises so that it complies with the underwriting requirements of CNA Financial, in order to avoid cancellation of the insurance policy. In an order entered May 26, 2021, the Supreme Court, inter alia, granted that branch of the motion. The defendant appeals.
A "party seeking a preliminary injunction must demonstrate a probability of success [*2]on the merits, danger of irreparable injury in the absence of an injunction and a balance of equities in its favor" (Nobu Next Door, LLC v Fine Arts Hous., Inc., 4 NY3d 839, 840; see CPLR 6301; Jones v State Farm Fire & Cas. Co., 189 AD3d 1565, 1566; Porcari v Griffith, 169 AD3d 729, 730). "'The decision to grant a preliminary injunction is a matter ordinarily committed to the sound discretion of the court hearing the motion. Moreover, [i]n the absence of unusual or compelling circumstances, [the] court[s] [are] reluctant to disturb said determination'" (19 Patchen, LLC v Rodriguez, 153 AD3d 1382, 1383, quoting Masjid Usman, Inc. v Beech 140, LLC, 68 AD3d 942, 942; see Porcari v Griffith, 169 AD3d at 729).
Here, the plaintiff demonstrated a likelihood of success on the merits on the causes of action for the partition and sale of the premises. The plaintiff also demonstrated a danger of irreparable injury in the absence of an injunction, and that the equities balance in his favor (see Jones v State Farm Fire & Cas. Co., 189 AD3d at 1567-1568; Porcari v Griffith, 169 AD3d at 731). Accordingly, the Supreme Court providently exercised its discretion in granting that branch of the plaintiff's motion which was for a preliminary injunction compelling the defendant to clean the interior of the residential portion of the premises so that it complies with the underwriting requirements of CNA Financial.
DUFFY, J.P., CHAMBERS, ROMAN and CHRISTOPHER, JJ., concur.

2021-03783 DECISION & ORDER ON MOTION
Saul Zucker, respondent,
v Sylvia Bernstein, appellant.
(Index No. 702301/20)

Motion by the respondent on an appeal from an order of the Supreme Court, Queens County, entered May 26, 2021, to strike stated portions of the appellant's reply brief on the ground that they refer to matter dehors the record. By decision and order on motion of this Court dated November 17, 2021, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is
ORDERED that the motion is granted, and the following portions of the appellant's reply brief are stricken and have not been considered in the determination of the appeal: (1) the paragraph beginning at the bottom of page 12 with the words "Separate and apart" through the paragraph ending at the top of page 15 with the words "See infra § III.B."; (2) the first full paragraph on page 23; (3) the words "faced potential cancellation for reasons other than housekeeping," and the case citation thereafter ending with "170" in the paragraph at the bottom of page 24; and (4) the paragraph beginning at the bottom of page 28 with the words "As such," through the end of page 29.
DUFFY, J.P., CHAMBERS, ROMAN and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court