Matter of St. Michael's Home v Valmas (2024 NY Slip Op 04559)

Matter of St. Michael's Home v Valmas

2024 NY Slip Op 04559

Decided on September 25, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 25, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ANGELA G. IANNACCI
LILLIAN WAN
JANICE A. TAYLOR, JJ.

2021-06651
 (Index No. 57589/21)

[*1]In the Matter of St. Michael's Home, respondent,
v
Michael Valmas, appellant.

Legal Services of the Hudson Valley, Yonkers, NY (Melinda Licciardello of counsel), for appellant.
Belkin Burden Goldman, LLP, New York, NY (Magda L. Cruz, Joshua Zukofsky, and Martin Meltzer of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to Social Services Law § 461-h to terminate an admission agreement of a resident of an adult home and to discharge the resident therefrom, Michael Valmas appeals from an order of the Supreme Court, Westchester County (Janet C. Malone, J.), dated August 5, 2021. The order granted the petitioner's motion, in effect, for a determination that the admission agreement had been properly terminated and for a preliminary injunction, inter alia, directing Michael Valmas to vacate the subject premises.
ORDERED that the order is reversed, on the law, with costs, the petitioner's motion, in effect, for a determination that the admission agreement had been properly terminated and for a preliminary injunction, inter alia, directing Michael Valmas to vacate the subject premises is denied, and so much of an order of the same court dated September 23, 2021, as, upon reargument, adhered to the determination in the order dated August 5, 2021, is vacated.
In 2017, Michael Valmas executed an admission agreement to reside in an adult care facility operated by the petitioner in Yonkers. In April 2021, the petitioner served Valmas with a 30-day notice of termination of the admission agreement. In June 2021, the petitioner commenced this proceeding pursuant to Social Services Law § 461-h to terminate the admission agreement and to discharge Valmas from the facility. The petitioner simultaneously moved, in effect, for a determination that the admission agreement had been properly terminated and for a preliminary injunction, inter alia, directing Valmas to vacate the facility. The petitioner alleged that Valmas committed acts that directly impaired the well-being, care, or safety of the other facility residents and substantially interfered with the petitioner's orderly operation of the facility in violation of Social Services Law §§ 461-g and 461-h. Valmas served an answer that included affirmative defenses, and he appeared before the Supreme Court on the return date of the petitioner's motion. In an order dated August 5, 2021, the court granted the petitioner's motion, determining that the admission agreement had been properly terminated pursuant to Social Services Law §§ 461-g and 461-h and directing Valmas to vacate the facility within 30 days. Valmas appeals.
Pursuant to Social Services Law § 461-g, no adult home, residence for adults, or enriched housing program that is subject to certification and supervision shall terminate the [*2]admission agreement of any resident of such facility and involuntarily discharge him or her therefrom except for, inter alia, "repeated behavior of the resident which directly impairs the well-being, care or safety of the resident or any other resident or which substantially interferes with the orderly operation of the facility" (id. § 461-g[1][d]). Social Services Law § 461-h governs a proceeding commenced by a facility operator to terminate an admission agreement and to discharge the resident, which requires a trial on disputed issues of fact (see id. § 461-h[1][a]; [2], [9], [10][a]). Upon rendering a final judgment for the petitioner, the court is required to issue an order of removal directed to the sheriff of the county in which the facility is situated (see id. § 461-h[11][a]). However, during the pendency of the proceeding, the operator is required "to honor all terms of the admission agreement until the resident is removed" (id. § 461-h[13]).
Although the determination whether to grant a motion for a preliminary injunction pursuant to CPLR 6301 rests within the sound discretion of the Supreme Court, a preliminary injunction may not issue unless the moving party demonstrates a probability of success on the merits, a danger of irreparable injury in the absence of an injunction, and a balance of equities in that party's favor (see Nobu Next Door, LLC v Fine Arts Hous., Inc., 4 NY3d 839; Jones v State Farm Fire & Cas. Co., 189 AD3d 1565, 1566). The purpose of a preliminary injunction is to maintain the status quo pending a final determination in the action or proceeding (see Jones v State Farm Fire & Cas. Co., 189 AD3d at 1567; Shake Shack Fulton St. Brooklyn, LLC v Allied Prop. Group, LLC, 177 AD3d 924, 927; 19 Patchen, LLC v Rodriguez, 153 AD3d 1382, 1383; Zoller v HSBC Mtge. Corp. [USA], 135 AD3d 932, 933) and "not to determine the ultimate rights of the parties" (Shake Shack Fulton St. Brooklyn, LLC v Allied Prop. Group, LLC, 177 AD3d at 927 [internal quotation marks omitted]; see Matter of Wheaton/TMW Fourth Ave., LP v New York City Dept. of Bldgs., 65 AD3d 1051, 1052). "[A]bsent extraordinary circumstances, a preliminary injunction will not issue where to do so would grant the movant the ultimate relief to which he or she would be entitled in a final judgment" (Zoller v HSBC Mtge. Corp. [USA], 135 AD3d at 933 [internal quotation marks omitted]; see Matter of Boening v Nassau County Dept. of Assessment, 200 AD3d 973, 974; Shake Shack Fulton St. Brooklyn, LLC v Allied Prop. Group, LLC, 177 AD3d at 924).
Here, the petitioner "failed to demonstrate that the circumstances were of such an extraordinary nature to justify th[e] relief that was granted pending the resolution of the [proceeding]" (Shake Shack Fulton St. Brooklyn, LLC v Allied Prop. Group, LLC, 177 AD3d at 928; see Zoller v HSBC Mtge. Corp. [USA], 135 AD3d at 934; Board of Mgrs. of Wharfside Condominium v Nehrich, 73 AD3d 822, 824), which amounted to the ultimate relief to which the petitioner would be entitled in a final judgment. Further, the petitioner's submissions did not clearly demonstrate a likelihood of success on the merits. Additionally, the preliminary relief granted to the petitioner was in contravention of the Social Services Law, insofar as it directed Valmas to vacate the facility during the pendency of the proceeding (see Social Services Law § 461-h[13]).
The petitioner's remaining contentions are without merit.
DILLON, J.P., IANNACCI, WAN and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court