Monfils v Vista on 5th Corp. (2024 NY Slip Op 51411(U))

[*1]

Monfils v Vista on 5th Corp.

2024 NY Slip Op 51411(U)

Decided on October 16, 2024

Civil Court Of The City Of New York, New York County

Stoller, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on October 16, 2024
Civil Court of the City of New York, New York County

Elizabeth Monfils, Petitioner,

against
Vista on 5th Corp., Respondent.

Index No. 1252/2024

For Petitioner: Daniel Ross
For Respondent: Marc Hyman

Jack Stoller, J.

Elizabeth Monfils, the petitioner in this proceeding ("Petitioner"), commenced this proceeding against Vista on 5th Corp., the respondent in this proceeding ("Respondent"), seeking possession of 1261 5th Avenue, Apt. 810, New York, New York ("the subject premises") an allegation that Respondent illegally locked Petitioner out. The Court made an application to dispose of this proceeding pursuant to CPLR §409(b) as to the question of whether Petitioner has the requisite possessory interests to prevail in a lockout proceeding. The parties made submissions to the Court.
Petitioner is 91 years old. Petitioner has disabilities. Petitioner entered into the subject premises pursuant to an "admission agreement" dated April 11, 2023. The "admission agreement" provides, inter alia, that Petitioner shall be a "resident" of the subject premises; that Respondent operates an enriched housing program in an adult care facility providing lodging, board, housekeeping, personal care, and supervision service to Petitioner in accordance with Social Services Law ("SSL") and Department of Health ("DOH") regulations; that the subject premises is a private accommodation; that Petitioner shall pay a "fee" at a monthly rate of $1367, due by the tenth of the month; that Respondent may terminate the "admission agreement" upon not less than 30 days' written notice on the basis, inter alia, that Petitioner requires continual medical or nursing care which Respondent is not licensed to provide; that Petitioner may object to a termination and may be represented by an attorney advocate; that if Petitioner challenges the termination, Respondent shall be required to institute a special proceeding in Court; that Petitioner will not be discharged against her will unless the Court rules in favor of Respondent; and that Respondent may arrange for Petitioner's transfer to an appropriate and safe location prior to termination and notice or Court review if Petitioner develops a medical or mental condition such that continual skilled medical, psychiatric, or nursing services are required, or if Petitioner's behavior poses an imminent risk of death or serious physical injury to herself or others.
On May 28, 2024, Petitioner had a fall and was transferred to a hospital and then a rehabilitation facility. Respondent's vice-president of operations averred that Petitioner's current status in the rehabilitation facility renders Petitioner out of possession of the subject premises, that Respondent served a 30-day notice of termination dated June 3, 2024, and that Respondent answered Petitioner's attorney's request to transfer Petitioner from the rehabilitation center back to the subject premises by "den[ying] readmittance".
Respondent's vice-president of operations elaborated on the reasons for Respondent's denial of Petitioner's readmittance, averring, inter alia, that, shortly after Petitioner's residency at the subject premises commenced, Petitioner engaged in behavior that "did not conform to [Respondent's] admission and retention standards", including wandering into the rooms of other residents and lying and vomiting in their beds. Respondent's vice-president of operations averred that Respondent did not make a determination to transfer Petitioner.
No enriched housing program shall terminate an admission agreement of any resident of such facility and involuntarily discharge them unless, inter alia, the resident has a need for continual medical or nursing care which the enriched housing program cannot provide. SSL §461-g(1)(a). The means by which the enriched housing program terminates such an agreement is a thirty days' written notice to the resident, SSL §461-g(2)(a), 18 N.Y.C.R.R. §488.5(c)(7) (xvi), followed by the commencement of a special proceeding in, inter alia, a "court of civil jurisdiction in a city which has jurisdiction over proceedings brought pursuant to article seven of the real property actions and proceedings law." SSL §461-h(1)(a), Oceanview Manor Home for Adults v. Vargas, 65 Misc 3d 154(A)(App. Term 2nd Dept. 2019). See Also RPAPL §713-a, 18 N.Y.C.R.R. §487.5(f)(16).
Accordingly, while Respondent may state a reason to terminate Petitioner's residency, a removal of a resident from an enriched housing program in advance of a court determination violates the statute, St. Michael's Home v. Valmas, —A.D.3d&mdash, 2024 NY Slip Op. 04559, *1-2 (2nd Dept. 2024), precluding self-help. Metalsky v. Mercy Haven, Inc., 156 Misc 2d 558, 567 (S. Ct. Nassau Co. 1993). A waiver of statutory and regulatory relief regarding eviction and/or discharge from a program that is not subject to similar regulations, Coppa v. LaSpina, 41 AD3d 756, 758 (2nd Dept. 2007), Andrews v. Acacia Network, 59 Misc 3d 10, 11-12 (App. Term 2nd Dept. 2018), is not instructive as to the regulations applying to an enriched housing program.[FN1]
Similarly not instructive is the status of an occupant of a supportive housing facility who does not have exclusive possession of a dwelling, Id., in contrast to Petitioner's exclusive possession of the subject premises as the admission agreement makes clear.
The best argument that Petitioner does not have "possession" for lockout purposes is that an enriched housing program may remove a resident for medical treatment or care or where the resident's behavior poses an imminent risk of death or serious physical harm. SSL §461-g(3), 18 N.Y.C.R.R §487.5(f)(7). Similarly, the regulation requires that a facility only retain those individuals who do not require services beyond those the operator is permitted by law and regulation to provide, 18 N.Y.C.R.R §494.4(a), precluding the retention of any person who [*2]requires continual nursing or medical care. 18 N.Y.C.R.R. §§494.4(e)(1), §488.5(e)(3)(i).
However, these provisions do not deprive Petitioner of standing. A determination that a resident poses an imminent risk of death or serious physical harm to other residents requires a Court determination after a hearing pursuant to a proceeding commenced after a termination notice. SSL §461-g(3), 18 N.Y.C.R.R §§487.5(f)(10), 488.5(e)(11), Daniels v. Christofoletti, 143 Misc 2d 857, 859-60 (Civ. Ct. Queens Co. 1989). See Also Ende v. Long Hill Alliance Co., 2004 N.Y.L.J. 2934 (S. Ct. Nassau Co.)(a putative termination of a facility's resident without a Court proceeding makes a prima facie case for breach of an admission agreement).
A summary determination pursuant to CPLR §409(b) is the equivalent of a hearing of a motion for summary judgment. Property Clerk, New York City Police Dept. v. Larouche, 187 AD2d 289, 290 (1st Dept. 1992). The Court may grant any part of a cause of action on a summary judgment motion. CPLR §3212(e). Accordingly, the Court finds pursuant to CPLR §409(b) that Petitioner has been in possession of the subject premises pursuant to RPAPL §713(10), one of the two elements of a cause of action for illegal lockout. The other element is whether Respondent has used force or unlawful means to withhold possession from Petitioner. RPAPL §713(10).
While Respondent claims in its papers that it has not changed the locks to the subject premises, Respondent denied Petitioner's attorney's request to readmit Petitioner. An action constitutes an entry by force or unlawful means when it is intended to oust the occupant from the premises. Echelon Photgraphy, LLC v. Dara Partners, L.P., 11 Misc 3d 1064(A)(Civ. Ct. NY Co. 2006). See Smith v. Park Cent. 1 LLC, 2020 N.Y.L.J. LEXIS 1024, *9-10 (Civ. Ct. Bronx Co.)(legal possession is "meaningless" if the occupant does not have the ability to enter the building). Accordingly, as a prima facie matter, Petitioner satisfies a showing of the second element of her cause of action for possession on a theory of illegal lockout. As the Court did not previously put Respondent on notice about a possible summary determination as to this element of Petitioner's cause of action, the Court shall restore this matter on a date to be determined by the parties over email to give Respondent an opportunity to be heard.
This constitutes the decision and order of the Court.
Dated: October 16, 2024
New York, New York
HON. JACK STOLLER, J.H.C.

Footnotes

Footnote 1:Indeed, the applicable regulations require admissions agreements used by enriched housing programs to notify occupants of the necessity of court process to regain possession, 18 N.Y.C.R.R. §487.5(d)(6)(xvi)(a), and any modification of an admission agreement to the contrary shall be null and void. 18 N.Y.C.R.R. §487.5(d)(3).