Long Is. Roller Rebels v County of Nassau (2025 NY Slip Op 05512)

Long Is. Roller Rebels v County of Nassau

2025 NY Slip Op 05512

Decided on October 8, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 8, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
PAUL WOOTEN
LAURENCE L. LOVE
SUSAN QUIRK, JJ.

2025-02099
 (Index No. 612363/24)

[*1]Long Island Roller Rebels, appellant, 
v
County of Nassau, et al., respondents.

New York Civil Liberties Union Foundation, New York, NY (Gabriella Larios, Robert Hodgson, and Molly K. Biklen of counsel), for appellant.
Thomas A. Adams, County Attorney, Mineola, NY (Robert F. Van der Waag and John Carnevale of counsel), for respondents.
Letitia James, Attorney General, New York, NY (Barbara D. Underwood, Judith N. Vale, and Mark S. Grube of counsel), for amicus curiae State of New York.

DECISION & ORDER
In an action, inter alia, to permanently enjoin the enforcement of Local Law No. 3-2024 of the County of Nassau, the plaintiff appeals from an order of the Supreme Court, Nassau County (R. Bruce Cozzens, J.), entered January 27, 2025. The order denied the plaintiff's motion for a preliminary injunction enjoining the enforcement of Local Law No. 3-2024 during the pendency of the action.
ORDERED that the order is reversed, on the law and in the exercise of discretion, with costs, and the plaintiff's motion for a preliminary injunction enjoining the enforcement of Local Law No. 3-2024 during the pendency of the action is granted.
In 2024, the Nassau County Legislature enacted Local Law No. 3-2024, entitled "A LOCAL LAW TO MAINTAIN A SAFE AND FAIR COMPETITIVE ENVIRONMENT FOR WOMEN AND GIRLS PARTICIPATING IN SPORTS AND ATHLETIC EVENTS" (hereinafter the local law), which prohibits the use of Nassau County park property "for the purposes of organizing a sporting event or competition that allows athletic teams or sports designated for females, women, or girls to include biological males as competitors." The plaintiff is a women's roller derby league that permits transgender women, among others, to participate in its league.
The plaintiff commenced this action, inter alia, to permanently enjoin the enforcement of the local law, alleging that the local law discriminates against women's leagues with transgender women participants in violation of the New York State Human Rights Law (NYSHRL) (see Executive Law § 296) and Civil Rights Law § 40-c. The plaintiff moved for a preliminary injunction enjoining the enforcement of the local law during the pendency of the action. In an order entered January 27, 2025, the Supreme Court denied the plaintiff's motion. The plaintiff appeals.
"To establish the right to a preliminary injunction, a movant must demonstrate (1) the likelihood of success on the merits, (2) irreparable injury absent a preliminary injunction, and (3) that [*2]the equities balance in the movant's favor" (Benaim v S2 Corona, LLC, 214 AD3d 760, 761; see CPLR 6301; Cushing v Sanford Equities Corp., 223 AD3d 870, 871).
Upon our review of the record, we find that the Supreme Court failed to set forth specific findings with respect to the tripartite test for preliminary injunctive relief and improvidently exercised its discretion in denying the motion for a preliminary injunction (see Commissioner of the N.Y. State Dept. of Transp. v Polite, 236 AD3d 82, 114; Matter of Merscorp, Inc. v Romaine, 295 AD2d 431, 432-433). The plaintiff demonstrated a likelihood of success on the merits on the cause of action alleging discrimination on the basis of gender identity, defined as "a person's actual or perceived gender-related identity, appearance, behavior, expression, or other gender-related characteristic regardless of the sex assigned to that person at birth, including, but not limited to, the status of being transgender" (Executive Law § 292[35]), in violation of the NYSHRL and the Civil Rights Law (see id. § 296[2][a]; Civil Rights Law § 40-c[2]; 9 NYCRR 466.13[b], [d]). Courts must construe these laws "broadly in favor of discrimination plaintiffs, to the extent that such a construction is reasonably possible" (Syeed v Bloomberg L.P., 41 NY3d 446, 451 [internal quotation marks omitted]). Further, a local law that violates a general state law violates Municipal Home Rule Law § 10(1)(i).
A presumption of irreparable harm may arise from discrimination in violation of civil rights laws (see Hirschmann v Hassapoyannes, 11 Misc 3d 265, 272 [Sup Ct, NY County]). Here, the plaintiff demonstrated that it would be irreparably injured in the absence of a preliminary injunction and that the balance of the equities weighed in its favor (see Boyd v Assanah, 210 AD3d 855, 856; Jones v State Farm Fire & Cas. Co., 189 AD3d 1565, 1567-1568). The plaintiff made credible allegations that it would be denied a permit to use a place of public accommodation based on its designation as a women's team that allows transgender women to participate. Further, the plaintiff has found it difficult to find private facilities for practice, which reduced its opportunities for practice, resulting in a lowering of its ranking.
While the County suggests that the plaintiff can use its facilities by designating itself as a mixed-sex league, which is permitted under the local law, this would change the identity of the league and would force its players to identify themselves as playing in a mixed-sex league. The plaintiff demonstrated that this would jeopardize its status with its governing body, its ability to find teams from other leagues to compete against, and its ability to grow as a league.
Further, "[t]he purpose of a preliminary injunction is to preserve the status quo until a decision is reached on the merits" (Arcamone-Makinano v Britton Prop., Inc., 83 AD3d 623, 624 [internal quotation marks omitted]; see Jones v State Farm Fire & Cas. Co., 189 AD3d at 1568), and granting a preliminary injunction here will serve that purpose.
The parties' remaining contentions need not be reached in light of our determination.
BARROS, J.P., WOOTEN, LOVE and QUIRK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court