County of Nassau v NY Youth Sports Network, Inc.

2026 NY Slip Op 03289

May 27, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

County of Nassau, respondent,

v

NY Youth Sports Network, Inc., appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on May 27, 2026

2024-02350, (Index No. 618198/22)

Valerie Brathwaite Nelson, J.P.

William G. Ford

Janice A. Taylor

James P. McCormack, JJ.

Dantzig & Zigman, P.C., Carle Place, NY (Susan E. Dantzig and Daron Yemini of counsel), for appellant.

Thomas A. Adams, County Attorney, Mineola, NY (Robert F. Van der Waag and Matthew Rozea of counsel), for respondent.

[*1]

DECISION & ORDER

In an action, inter alia, for declaratory relief, the defendant appeals from an order of the Supreme Court, Nassau County (R. Bruce Cozzens, J.), entered January 10, 2024. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was for a preliminary injunction, and, sua sponte, declared that the subject lease agreement terminated due to the defendant's nonpayment of rent.

ORDERED that on the Court's own motion, the notice of appeal from so much of the order entered January 10, 2024, as, sua sponte, declared that the subject lease agreement terminated due to the defendant's nonpayment of rent is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,

ORDERED that the order is reversed insofar as appealed from, on the law and in the exercise of discretion, that branch of the plaintiff's motion which was for a preliminary injunction is denied, and so much of the order as, sua sponte, declared that the subject lease agreement terminated due to the defendant's nonpayment of rent is vacated; and it is further,

ORDERED that one bill of costs is awarded to the defendant.

The plaintiff owns certain property located in Uniondale, which provides public recreational opportunities for its residents (hereinafter the subject property). In August 2021, the plaintiff and the defendant executed a lease agreement, wherein they agreed, inter alia, that the defendant would lease the subject property from the plaintiff (hereinafter the Lease Agreement). Thereafter, the plaintiff commenced this action against the defendant, alleging that the defendant breached the Lease Agreement by, among other things, failing to maintain the requisite commercial general liability insurance, for a judgment declaring, inter alia, that the defendant had breached the Lease Agreement, that the Lease Agreement was terminated, and that the defendant had fraudulently induced the plaintiff to enter into the Lease Agreement, and for ejectment.

After issue was joined, the plaintiff moved pursuant to CPLR 3025(b) for leave to amend the complaint to add a cause of action alleging breach of contract based upon the defendant's failure to pay rent under the Lease Agreement, for a judgment of possession and warrant of eviction, and for a preliminary injunction enjoining, restraining, and prohibiting the defendant from [*2]occupying, using, controlling, possessing, or conducting any activities under the Lease Agreement, including, without limitation, the rehabilitation, construction, use, occupancy, operation, and management of the subject property. In an order entered January 10, 2024, the Supreme Court, among other things, granted that branch of the plaintiff's motion which was for a preliminary injunction, and, sua sponte, declared that the Lease Agreement terminated due to the defendant's nonpayment of rent. The court determined that under the Lease Agreement, the defendant was required to pay rent to the plaintiff and that the defendant's failure to pay rent rendered "termination of the Lease [Agreement] self executing," and, the court, sua sponte, "confirm[ed] such immediate termination." The court directed the defendant "to immediately vacate" the subject property and stated that a warrant of eviction would be signed upon submission by the plaintiff. The defendant appeals.

The Supreme Court erred in, sua sponte, declaring that the Lease Agreement terminated due to the defendant's nonpayment of rent (see Comprehensive Benefit Consultants, Inc. v Spitz, 121 AD3d 1032, 1033; Marini v Lombardo, 17 AD3d 545, 546). There was no motion for summary judgment before the court, and the court did not afford the parties notice of any intention to deem the plaintiff's motion, inter alia, for leave to amend the complaint, as one, among other things, for summary judgment (see Comprehensive Benefit Consultants, Inc. v Spitz, 121 AD3d at 1033; Marini v Lombardo, 17 AD3d at 546; see also Wells Fargo Bank, N.A. v St. Louis, 229 AD3d 116, 122).

Although the determination whether to grant a motion for a preliminary injunction pursuant to CPLR 6301 rests within the sound discretion of the Supreme Court, a preliminary injunction may not issue unless the moving party demonstrates a probability of success on the merits, a danger of irreparable injury in the absence of an injunction, and a balance of equities in that party's favor (see Nobu Next Door, LLC v Fine Arts Hous., Inc., 4 NY3d 839, 840; Jones v State Farm Fire & Cas. Co., 189 AD3d 1565, 1566). The purpose of a preliminary injunction is to maintain the status quo pending a final determination in the action or proceeding (see Jones v State Farm Fire & Cas. Co., 189 AD3d at 1567; Shake Shack Fulton St. Brooklyn, LLC v Allied Prop. Group, LLC, 177 AD3d 924, 927; 19 Patchen, LLC v Rodriguez, 153 AD3d 1382, 1383; Zoller v HSBC Mtge. Corp. [USA], 135 AD3d 932, 933) and "not to determine the ultimate rights of the parties" (Shake Shack Fulton St. Brooklyn, LLC v Allied Prop. Group, LLC, 177 AD3d at 927 [internal quotation marks omitted]; see Matter of Wheaton/TMW Fourth Ave., LP v New York City Dept. of Bldgs., 65 AD3d 1051, 1052). "[A]bsent extraordinary circumstances, a preliminary injunction will not issue where to do so would grant the movant the ultimate relief to which he or she would be entitled in a final judgment" (Zoller v HSBC Mtge. Corp. [USA], 135 AD3d at 933 [internal quotation marks omitted]; see Matter of Boening v Nassau County Dept. of Assessment, 200 AD3d 973, 974; Shake Shack Fulton St. Brooklyn, LLC v Allied Prop. Group, LLC, 177 AD3d at 927).

Here, the plaintiff "failed to demonstrate that the circumstances were of such an extraordinary nature to justify th[e] relief that was granted pending the resolution of the action" (Shake Shack Fulton St. Brooklyn, LLC v Allied Prop. Group, LLC, 177 AD3d at 928; see Matter of St. Michael's Home v Valmas, 230 AD3d 1320, 1322; Matter of Boening v Nassau County Dept. of Assessment, 200 AD3d at 974-975; Zoller v HSBC Mtge. Corp. [USA], 135 AD3d at 933; Board of Mgrs. of Wharfside Condominium v Nehrich, 73 AD3d 822, 824), which was a portion of the ultimate relief to which the plaintiff would be entitled in a final judgment.

In light of our determination, the parties' remaining contention need not be addressed.

Accordingly, the Supreme Court improvidently exercised its discretion in granting that branch of the plaintiff's motion which was for a preliminary injunction.

BRATHWAITE NELSON, J.P., FORD, TAYLOR and MCCORMACK, JJ., concur.

2024-02350 DECISION & ORDER ON MOTION

County of Nassau, respondent, v NY Youth

Sports Network, Inc., appellant.

(Index No. 618198/22)

Appeal from an order of the Supreme Court, Nassau County, entered January 10, 2024. By order to show cause dated May 3, 2024, the parties were directed to show cause before this Court why an order should or should not be made and entered dismissing the appeal from so much of the order as, sua sponte, declared that the subject lease agreement terminated due to the appellant's nonpayment of rent. By decision and order on motion of this Court dated August 12, 2024, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the order to show cause and the papers filed in response thereto, and upon the argument of the appeal, it is

ORDERED that the motion to dismiss the appeal is denied.

BRATHWAITE NELSON, J.P., FORD, TAYLOR and MCCORMACK, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court